**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GURBAKHSH SINGH, | No. 10-73244 |
| Petitioner, | |
| v. | Agency No. A096-162-909 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2014<sup>**</sup>
San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and HAYES, District Judge.<sup>***</sup>

Gurbakhsh Singh, a native and citizen of India, petitions for review of the

order of the Board of Immigration Appeals ("BIA") that affirmed the Immigration

---

<sup>*</sup>      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<sup>**</sup>      The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

<sup>***</sup>      The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (quotations omitted). We review for substantial evidence, *see id.*, and we deny the petition for review.

Substantial evidence supports the adverse credibility finding based upon Singh's inconsistent testimony regarding the identity of his family members sought by police and the nature of the mistreatment Singh suffered while in police custody. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007); *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). This finding goes to the heart of Singh's asylum claim. *See Don v. Gonzales*, 476 F.3d 738, 741–42 (9th Cir. 2007).

The IJ did not err in deciding that Singh's father's death certificate, which did not state a cause of death, failed adequately to corroborate Singh's claim. *Cf. Don*, 476 F.3d at 744 ("The IJ adequately articulated his decision, and did not abuse his discretion by failing to interpret the evidence in the manner advocated by Don.").

Because the IJ made her credibility finding without consideration of Singh's original asylum application, the IJ and the BIA did not err in failing thoroughly to address Singh's claim of ineffective assistance in the preparation of Singh's original asylum application.

The BIA did not err in denying Singh's motion to remand because Singh failed to demonstrate why he could not have obtained and presented the newly-submitted evidence to the IJ. *See Goel*, 490 F.3d at 739.

Substantial evidence supports the IJ's and BIA's finding that Singh failed credibly to establish that he is eligible for asylum, withholding of removal, or relief under the CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**